## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Andrea Santolalla Garcia,

        Plaintiff,        Civ. No. 11-1639 (RHK/SER)

                              **ORDER**

v.

Hennepin Healthcare System, Inc., *et al.*,

        Defendants.

---

Reed K. Mackenzie, Mackenzie & Dornik, P.A., Minneapolis, Minnesota, for Plaintiff.

Michael B. Miller, Hennepin County Attorney's Office, Minneapolis, Minnesota, for Defendants.

---

      This action arises out of a traffic accident that occurred on June 27, 2009.  Plaintiff Andrea Santolalla Garcia alleges that on that day, she was a passenger in a cab traveling north on Lyndale Avenue in Minneapolis.  As the cab approached the intersection with Olson Memorial Highway, it was struck by an ambulance owned by Defendant Hennepin County Medical Center and driven by Defendant Giovanni T. Caponi, which was proceeding westbound through the intersection.  Garcia alleges that the traffic light at the intersection was green in the cab's direction and that Caponi "did not slow down before entering the intersection on a red light, nor did he look at the intersection for the traffic conditions."  (Compl. ¶ V.)  She asserts that such "negligent" conduct was undertaken "with willful or malicious intent" and caused her serious injuries.  (Id. ¶ VI.)

Defendants have now moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the ground of official immunity. The Supreme Court set forth the standard for evaluating a motion to dismiss in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Id. at 547. A "formulaic recitation of the elements of a cause of action" will not suffice. Id. at 555; accord Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Rather, the complaint must set forth sufficient facts to "nudge[] the[] claim[] across the line from conceivable to plausible." Twombly, 550 U.S. at 570. When reviewing a motion to dismiss, the Court "must accept [the] plaintiff's specific factual allegations as true but [need] not . . . accept a plaintiff's legal conclusions." Brown v. Medtronic, Inc., 628 F.3d 451, 459 (8th Cir. 2010) (citing Twombly, 550 U.S. at 556). The complaint must be construed liberally, and any allegations or reasonable inferences arising therefrom must be interpreted in the light most favorable to the plaintiff. Twombly, 550 U.S. at 554–56.[1]

To support their Motion, Defendants note that the ambulance's sirens and flashers were on when it entered the intersection, as indicated in an accident report and a crash reconstruction report prepared by the Minneapolis police department.[2] Defendants

---

[1] Both sides have (erroneously) cited the "no set of facts" standard for evaluating a motion to dismiss that Twombly "retired." (See Def. Mem. at 3; Mem. in Opp'n at 2.)

[2] The reports are neither attached to nor referenced in the Complaint, although they may be public records properly considered on a motion to dismiss. Regardless, Garcia does not dispute that the ambulance's siren and flashers were on just prior to the crash. (See Mem. in Opp'n at 4.)

contend they are entitled to official immunity because Caponi was responding to an emergency and had activated the sirens and flashers, but these facts are not controlling.

Official immunity "provides that a public official charged by law with duties which call for the exercise of his judgment or discretion is not personally liable to an individual for damages *unless he is guilty of a willful or malicious wrong*." Anderson v. Anoka Hennepin Indep. Sch. Dist. 11, 678 N.W. 2d 651, 655 (Minn. 2004) (emphasis added) (internal quotation marks and citation omitted).  Minnesota courts have applied this doctrine to immunize public-safety officials – such as police officers, firefighters, and emergency medical technicians – for injuries they caused while responding to emergencies.  See, e.g., Kari v. City of Maplewood, 582 N.W.2d 921 (Minn. 1998); Pletan v. Gaines, 494 N.W.2d 38 (Minn. 1992).  "[C]onduct in these emergency circumstances is immune because 'the community cannot expect its police officers to do their duty and then . . . second-guess them when they attempt conscientiously to do it.'" Kari, 582 N.W.2d at 924 (quoting Pletan, 494 N.W.2d at 41).  Hence, Kari concluded that an ambulance driver who struck a pedestrian in a crosswalk while responding to an emergency, with the ambulance's lights and sirens activated, was immune from suit.

As Kari noted, however, the official-immunity doctrine is not unlimited.  A public official responding to an emergency may be liable if his or her conduct was undertaken maliciously.  Kari, 582 N.W.2d at 923-24.  In determining whether the evidence supports such a finding, the Court must ascertain whether the official's conduct "so unreasonably put at risk the safety and welfare of others that as a matter of law it could not be excused

or justified." Id. at 924.  Defendants assert that Garcia has "pleaded no facts that would support" such a finding here (Reply at 2), but the Court does not agree.

The Complaint alleges that Caponi did not slow down or "look at the . . . traffic conditions" before he entered the intersection, resulting in the ambulance striking the cab in which Garcia was riding.  (Compl. ¶ V.)  The Complaint also alleges that such conduct was undertaken with "willful or malicious intent."  (Id. ¶ VI.)  In the Court's view, a reasonable jury could conclude that entering an intersection without slowing down *and* without attempting to determine whether the intersection is clear, even with sirens and flashers activated, unreasonably puts at risk the safety and welfare of others.  Cf. Gross v. Thompson, No. C4-02-1368, 2003 WL 892105, at *3 (Minn. Ct. App. Mar. 4, 2003) (official immunity where police officers suspended high-speed chase after determining that road conditions were too dangerous to continue pursuit of suspected stolen car, which later crashed into plaintiff's vehicle).  This case is unlike Kari, where there existed no evidence to undermine the ambulance driver's testimony that he was "cautious[ly] driving" before striking the plaintiff.  582 N.W.2d at 925.  Rather, here the Complaint pleads facts that plausibly suggest Caponi acted in a legally unreasonable way.  See Dokman v. Cnty. of Hennepin, 637 N.W.2d 286, 296 (Minn. Ct. App. 2001) (noting that malice turns on "the legal reasonableness of [the officer's] actions") (citation omitted).[3]

---

[3] In fact, Garcia asserts that the accident report and crash reconstruction report show that Caponi was looking at a laptop computer approximately 90 degrees to his right at the time of the accident.  The Court need not rely upon either of these reports, however, because in its view the facts pleaded in the Complaint – that Caponi did not slow down or even "look at the . . . traffic conditions" before entering the intersection – would provide a sufficient foundation, if proven, for a finding of malice.

Notably, Defendants' counsel acknowledged at oral argument that the conduct alleged in the Complaint could be malicious if, for example, Garcia was not looking at the intersection because he was playing video poker immediately prior to the accident. In the Court's view, however, the reason Garcia was not looking at the intersection is irrelevant; speeding through a red light without making any attempt to ascertain whether the intersection is clear of other vehicles could be found to "unreasonably put at risk the safety and welfare of others that as a matter of law it [can]not be excused or justified." Kari, 582 N.W.2d at 924. But even if official immunity were to turn on the reason Garcia was not looking at the intersection, that would not aid Defendants' cause. Rather, it would highlight that the critical issue is a factual one and, hence, not amenable to resolution on a motion to dismiss. Indeed, all of the cases relied upon by Defendants determined the existence of official-immunity *at summary judgment* (or post-trial), on a fully developed factual record. And this is likely because the question "[w]hether or not an officer acted maliciously or willfully is usually a question of fact." Johnson v. Morris, 453 N.W.2d 31, 42 (Minn. 1990).

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. No. 4) is **DENIED**.[4]

Date:  October 11, 2011                                s/Richard H. Kyle
                                                       RICHARD H. KYLE
                                                       United States District Judge

---

[4] Of course, by this Order the Court is not deciding whether Defendants are (or are not) entitled to official immunity; rather, it concludes only that Garcia has *pleaded enough facts* at this juncture to preclude dismissal. It remains for resolution, at summary judgment or otherwise, whether the facts show Defendants are entitled to official immunity.